UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM H. BALL, | Case No. 2:24-cv-1452-CDS-EJY |
| Plaintiff, | **ORDER** |
| v. | **AND** |
| BARCLAYS BANK DELEWARE, a Delaware corporation. | **REPORT AND RECOMMENDATION** |
| Defendant. | Re: ECF Nos. 1, 1-1 |

Pending before the Court is Plaintiff's application to Proceed *in formal pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP application is complete and granted below. Plaintiff's Complaint is dismissed in part without prejudice and with leave to amend. Plaintiff's state law claims are preempted and, therefore, the Court recommends these claims be dismissed with prejudice.

**I.  Screening Standard**

When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

*v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Review of Plaintiff's Complaint**

Plaintiff's Complaint includes three causes of action arising from what appears to be Defendant Barclays Bank ("Barclays") alleged violation of the Fair Credit Reporting Act (the "FCRA"). That is, Plaintiff says Barclays allegedly and wrongfully reported responsibility for a debt Plaintiff says he does not owe.

Despite Plaintiff's failure to identify under what section of the FCRA he is proceeding, 15 U.S.C. § 1681s-2(b) provides furnishers[1] of credit reports have a duty to "conduct an investigation" after receiving "notice ... of a dispute with regard to the completeness or accuracy of any information provided ... to a consumer reporting agency." To this end, Plaintiff complains (1) Barclays furnished credit reporting agencies erroneous credit information, (2) he wrote to Barclays about an account listed on a credit report that erroneously identified him as an authorized user and owing a debt, (3) Barclays knew Plaintiff was not responsible for the debt it reported he owed, and (4) the erroneous report interfered with Plaintiff's ability to get financing to purchase a home in Nevada.

A.     <u>Plaintiff's FCRA Claim is Dismissed Without Prejudice and With Leave to Amend</u>.

The Court liberally construes Plaintiff's FCRA claim against Barclays as one alleging a failure to conduct a reasonable investigation after receiving notice of his dispute with regard to the accuracy of information provided by Barclays to consumer reporting agencies. A consumer—such as Plaintiff—may sue a furnisher of information—such as Barclays—and recover damages if the

---

[1]     15 U.S.C. § 1681s-2(a) of the FCRA defines "furnisher" by stating: "A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

furnisher willfully or negligently violated the FCRA. 15 U.S.C. §§ 1681n, 1681o; *Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017). In such lawsuits, before a court will consider the reasonableness of investigatory procedures, the plaintiff must make a "prima facie showing" of inaccuracy in the information reported. *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022) citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)). If the consumer (plaintiff) establishes a prima facie showing of inaccuracy, the plaintiff must establish the investigation conducted by the furnisher was unreasonable. *Id*.

Here, Plaintiff does not establish a prima facie case of inaccuracy. Stated simply, Plaintiff's allegations are conclusory. That is, Plaintiff states, more than once, that he was not an authorized user and is not responsible for the debt reported by Barclays. Plaintiff's personal opinion is "insufficient to support a claim of inaccuracy under the FCRA." *Gomez v. EOS CCA*, Case No. CV-18-02740-PHX-JAT (DMF), 2020 WL 3271749, at *3 (D. Ariz. June 17, 2020) (collecting cases). Some of the authorities on which the court in *Gomez* relied stated this standard "in the context of a motion to dismiss." *Id*. The court explained "a consumer's failure to explain or cite evidence showing an inaccuracy is fatal to an FCRA claim" at the motion to dismiss stage (as well as "'a fortiori' at the summary judgment stage"). *Id*.

Plaintiff provides no substantive facts, documents or evidence in support of the alleged inaccuracy of the credit report at issue. ECF No. 1-1. Plaintiff's conclusions fail to state a claim against Barclays under the FCRA. However, this claim is capable of cure through amendment. Thus, the Court dismisses Plaintiff's FCRA claim against Barclays without prejudice and with leave to amend.

B.    <u>Plaintiff's Defamation and Fraud Claims are Preempted by the FCRA</u>.

"[T]he FCRA contains two preemption sections restricting state law claims that apply to persons who furnish information under the FCRA." *Woods v. Prot. One Alarm Monitoring, Inc.*, 628 F. Supp. 2d 1173, 1181 (E.D. Cal. 2007). The first preempts state law claims for defamation, invasion of privacy, and negligence only to the extent these claims are based upon the disclosure of

certain types of information and do not allege malice or willful intent. *See Buraye v. Equifax*, 625 F. Supp. 2d 894, 897–98 (C.D. Cal. 2008) (citing *Weseman v. Wells Fargo Home Mortg., Inc.*, Case No. CV 06-01338 ST, 2008 WL 542961, *2 (D. Or. Feb. 22, 2008)). Specifically, § 1681h(e) states:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report2 except as to false information furnished with malice or willful intent to injure such consumer.

(Internal footnote omitted). Under this section of the FCRA, Plaintiff's claim alleging libel fails as a matter of law and should be dismissed with prejudice.

With respect to a claim of fraud, the Ninth Circuit explains:

> In considering the scope of preemption under § 1681t(b)(1)(F) [of the FCRA], courts in the Ninth Circuit have utilized two approaches. … The majority of courts apply the "total preemption" approach, which finds that § 1681t(b)(1)(F) "totally preempts all state statutory and common law causes of action [against furnishers of information] which fall within the conduct proscribed under § 1681s-2."
>
> ***
>
> This Court is persuaded by the reasoning of … courts in the majority and adopts the total preemption approach to claims against furnishers of information under § 1681s-2.

*Carrion v. United Student Aid Funds, Inc.*, Case No. CV 15-00829 BRO (FFMx), 2015 WL 13914997, at *5 (C.D. Cal. Aug. 18, 2015) (internal citations omitted). Under § 1681t(b)(1)(F) and the analysis in *Carrion*, Plaintiff's claim alleging fraud—a Nevada state common law claim—is preempted and should be dismissed with prejudice.

### III. Order

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claim against Barclays Bank under the Fair Credit Reporting Act is DISMISSED without prejudice and with leave to amend. If Plaintiff chooses

to file an amended complaint he must do so no later than **January 24, 2025**. The amended complaint must include sufficient facts—not mere conclusions—demonstrating the report by Barclays to credit reporting agencies was inaccurate. Plaintiff may support his conclusions through documents as well as factual allegations in the amended complaint.

### IV.    Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's claims against Barclays Bank alleging libel and fraud be DISMISSED with prejudice because these claims are preempted by the Fair Credit Reporting Act.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to timely comply with the terms of this Order, this action be dismissed without prejudice in its entirety.

DATED: January 2, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under Local Rule IB 3-2, any objection to the Recommendations made above must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds courts of appeal may determine that an appeal is waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also holds that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the district court's order and/or appeal factual issues from the order of the district court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).