UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

William H. Ball,

        Plaintiff

v.

Barclays Bank Delaware,

        Defendant

Case No. 2:24-cv-01452-CDS-EJY

**Order Adopting Magistrate Judge's Reports and Recommendations**

[ECF Nos. 3, 6]

      Pro se plaintiff William H. Ball initiated this action against defendant Barclays Bank alleging violations of the Fair Credit Reporting Act by filing an application to proceed in forma pauperis alongside his complaint. ECF Nos. 1, 1-1. United States Magistrate Judge Elayna Youchah screened Ball's complaint but dismissed it without prejudice and with leave to amend to allow Ball an opportunity to demonstrate sufficient facts of Barclays inaccurate credit reporting. Order, ECF No. 3. That order contained two recommendations: (1) that I dismiss with prejudice Ball's claims alleging libel and fraud against Barclays, and (2) if Ball failed to amend the complaint by January 24, 2025, that this action be dismissed without prejudice in its entirety. *Id.* at 5. Ball had until January 16, 2025, to file any specific written objections to the magistrate judge's findings and recommendations. *Id.* (citing Local Rule IB 3-2 (stating that parties wishing to object to an R&R must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1) (same). However, the copy of the report and recommendation (R&R) mailed to Ball was returned as undeliverable.[1] ECF No. 4. Judge Youchah then ordered Ball to notify the

---

[1] Ball's mail has also been returned as undeliverable and he has failed to respond to the court's orders to update his address in additional cases he filed in this district. *See* ECF No. 9 in *Ball v. Equifax Info. Servs.*, 2:24-cv-01449-GMN-NJK; ECF No. 19 in *Ball v. NP Sunset LLC*, 2:24-cv-01450-CDS-NJK; ECF No. 21 in *Ball v. NP Boulder LLC*, 2:24-cv-01451-CDS-NJK; ECF No. 23 in *Ball v. Station GVR Acquisition*, 2:24-cv-01453-CDS-NJK; ECF Nos. 9, 10 in *Ball v. Palms Casino and Resort LLC*, 2:24-cv-01454-CDS-NJK; ECF No. 20 in *Ball v. NP Palace LLC*, 2:24-cv-01455-CDS-NJK; ECF Nos. 10, 11 in *Ball v. Circa Hotel and Casino, LLC*, 2:24-cv-01457-CDS-NJK; ECF No. 11 in *Ball v. New York New York Hotel and Casino LLC*, 2:24-cv-01458-CDS-NJK; ECF No. 10 in *Ball v. Park MGM Casino, LLC*, 2:24-cv-01753-CDS-NJK; ECF No. 10 in *Ball v. Ramparts, LLC*,

1 court of his current address, in compliance with Local Rule IA 3-1 ("pro se party must
2 immediately file with the court written notification of any change of mailing address"), no later
3 than February 17, 2025. ECF No. 5. Although that order was mailed to Ball, it has not been
4 returned as undeliverable. Neither has Judge Youchah's February 20, 2025, report and
5 recommendation. R&R, ECF No. 6. Therein, she recommends dismissal without prejudice due
6 to Ball's failure to comply with the court's order to file an amended complaint and his failure to
7 update his address. *Id.* Again, Ball had until March 6, 2025, to file an objection or otherwise
8 respond. *Id.* at 1–2. As of the date of this order, Ball has neither objected, amended his complaint,
9 nor otherwise responded in any way. Because no objections are filed, I adopt both of the
10 magistrate judge's reports and recommendations in their entirety.

11 Although "no review is required of a magistrate judge's report and recommendation
12 unless objections are filed,"[2] the Ninth Circuit has instructed courts to consider the following
13 factors in determining whether to dismiss an action for failure to comply with the court's order:
14 "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
15 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
16 cases on their merits, and (5) the availability of less drastic sanctions." *Yourish v. Cal. Amplifier*, 191
17 F.3d 983, 991–92 (9th Cir. 1999) (affirming dismissal for failure to timely file an amended
18 complaint, applying the five factors).

19 The first two factors, the public's interest in expeditious resolution of litigation as well
20 as the court's need to manage its docket, weigh in favor of dismissal. Ball failed to comply with
21 the court's order to file an amended complaint providing substantive facts, documents, or
22 evidence in support of the alleged inaccuracy of the credit report at issue. This failure to amend
23 has caused the action to come to a complete halt as it is impossible to move forward without an

---

2:24-cv-01754-CDS-NJK; ECF No. 10 in *Ball v. Tuscany Hotel and Casino, LLC*, 2:24-cv-01756-CDS-NJK; ECF No. 12 in *Ball v. Oyo Hotel & Casino, LLC*, 2:24-cv-01757-CDS-NJK.

[2] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

operative complaint. It has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986). And "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990.

      The third factor for consideration, the risk of prejudice to the defendants, also weighs in favor of dismissal. Although Barclays has not yet been served, and the mere pendency of a lawsuit is not sufficiently prejudicial to warrant dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence). Here, Ball has not offered any excuse for his failure to comply with the court's order to timely amend, which has caused an unexplained and unreasonable delay.

      The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Because it is Ball's responsibility to move the case toward disposition at a reasonable pace, I find that the fourth factor is greatly outweighed by the factors favoring dismissal.

      The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Ball was provided adequate warning that dismissal would result from

his failure to comply with the court's orders.[3] *See, e.g.*, ECF No. 3 at 5; ECF No. 5; ECF No. 6 at 1–2. His failure to do so, despite multiple warnings of the consequences, leaves the court with two alternatives: dismiss the action or leave it pending indefinitely without an operative complaint. There is thus no lesser alternative to dismissal available here.

## Conclusion

Because I find that four of the five factors strongly support dismissal, I **adopt** the magistrate judge's reports and recommendations **[ECF No. 3, 6]**. Therefore Ball's libel and fraud claims against Barclays Bank are dismissed with prejudice, and this case is dismissed without prejudice. The Clerk of Court is directed to enter judgment accordingly and to close this case.

Dated: March 11, 2025

_____
Cristina D. Silva
United States District Judge

---

[3] As noted at n.1, Ball is no stranger to the federal court system, having filed at least twenty-one cases in this district in one year.